**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jimmy Lee Sessions, Appellant.

Appellate Case No. 2009-116987

---

Appeal From Horry County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-063
Heard October 3, 2012 – Filed January 30, 2013

---

**AFFIRMED**

---

Joseph L. Savitz, III, and LaNelle Cantey DuRant, both
of Columbia, for Appellant.

Senior Assistant Attorney General W. Edgar Salter, III,
of Columbia, for Respondent.

---

**PER CURIAM:** Jimmy Lee Sessions and co-defendant Christopher Stephens were convicted in a joint trial on indictments charging Sessions with murder, first-degree burglary, and armed robbery and Stephens with various counts of accomplice liability.  On appeal, Sessions argues the trial judge erred in admitting

certain physical evidence and in allowing a SLED employee to testify about victimology and related matters. We affirm.

1. The bodies of the two victims were found in the apartment they shared. Evidence at the crime scene included shoe prints that were left in fecal matter on the floor of the bathroom where one of the victims was found. About five months after Sessions was arrested and charged, the Horry County Detention Center, where Sessions was in custody awaiting trial, instructed its staff to collect all inmates' shoes and place them in the property bag assigned to the respective inmate. Pursuant to a search warrant, the State seized a pair of tennis shoes that had been taken from Sessions after they were confiscated by the Detention Center staff and placed into his property bag. Over Sessions's objections, the trial judge allowed the State to introduce the shoes taken from his property bag so that the jury could compare them with the impressions found at the crime scene. On appeal, Sessions argues this evidence should have been excluded because the State failed to establish an adequate chain of custody. We disagree. There was no dispute that this evidence was non-fungible and that Sessions had the shoes in his possession when all inmates' shoes were taken by the Detention Center staff. *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741-42 (2005) ("[W]here the issue is the admissibility of non-fungible evidence--that is, evidence that is unique and identifiable--the establishment of a strict chain of custody is not required."). Furthermore, we agree with the trial judge that any arguments about the ownership or possession of the shoes would go to the weight of the evidence rather than its admissibility. *Cf. State v. Rogers*, 361 S.C. 178, 187, 603 S.E.2d 910, 915 (Ct. App. 2004) ("South Carolina law does not require testimony as to the exclusion of any possibility of tampering.").

2. Sessions further argues the trial judge should not have allowed SLED Agent Michael Prodan to testify as an expert about victimology, method of operation, motive, and related subject matter, arguing admission of this testimony violated Rule 702, SCRE, *State v. White*, 382 S.C. 265, 676 S.E.2d 684 (2009), and this court's opinion in *State v. Tapp*, 387 S.C. 159, 691 S.E.2d 165 (Ct. App. 2010), *rev'd* 398 S.C. 376, 728 S.E.2d 468 (2012). We find no reversible error.

In *State v. White*, the South Carolina Supreme Court held:

> [T]he trial courts of this state have a gatekeeping role
> with respect to all evidence sought to be admitted under
> Rule 702 [of the South Carolina Rules of Evidence],

whether the evidence is scientific or nonscientific. In the discharge of its gatekeeping role, a trial court must assess the threshold foundational requirements of qualifications and reliability and further find that the proposed evidence will assist the trier of fact. The familiar evidentiary mantra that a challenge to evidence goes to "weight, not admissibility" may be invoked only after the trial court has vetted the matters of qualifications and reliability and admitted the evidence.

*White*, 382 S.C. at 274, 676 S.E.2d at 689. The *White* decision was issued several months after the trial in the present case took place.

At trial, Sessions objected to Prodan's testimony, arguing among other grounds that it was not relevant. The trial judge qualified Prodan as an expert in the areas of behavioral science and violent crime without evaluating the reliability of the substance of his testimony. Although Sessions did not specifically request the trial judge to exercise a gatekeeping role in determining whether Prodan's testimony was admissible, we hold Sessions's objection on the ground of relevance was sufficiently specific to address this argument on appeal. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Tapp*, 398 S.C. 376, 385-86, 728 S.E.2d 468, 473 (2012) ("While our preservation rules require that objections to the admissibility of evidence be specific, they most certainly do not require clairvoyance.") (citation omitted). Moreover, we hold that even though the law at the time of Sessions's trial allowed the reliability of nonscientific expert testimony to be determined by the jury, the trial judge erred in admitting Prodan's testimony without making his own determination as to whether it was reliable. *See id.* at 389, 728 S.E.2d at 475 (acknowledging the trial judge erred in admitting certain expert testimony after making an initial determination of the witness's expertise but without vetting the testimony for its reliability).

Nevertheless, we hold that "beyond a reasonable doubt the trial error did not contribute to the guilty verdict[s]" against Sessions. *Id.* at 390, 728 S.E.2d at 475. Here, Prodan's testimony concerned only the victims and the crime scene. He never identified Sessions, the co-defendant, or anyone else as a perpetrator and testified that at his insistence, he was not given any information about any suspects developed in the case. As was the case in *Tapp*, the jury made numerous factual

determinations in arriving at its verdict, including (1) whether shoe prints found at the crime scene matched the shoes taken from Sessions's property bag, (2) whether the shoes taken from Sessions's property bag were the same shoes he had on his person when he was initially taken into custody, (3) the reliability of a witness who allegedly heard Sessions and his co-defendant discussing how they would rob and possibly kill one of the victims, (4) the same witness's claims that the defendants requested his assistance in the crime, (5) the reliability of the testimony of Sessions's own expert in the field of footwear identification.  Given these and other factual questions, we hold that any error in the trial judge's failure to properly vet Prodan's testimony for its reliability was harmless, and (6) the credibility of testimony that certain individuals knew about the deaths of the victims before the police found their bodies.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**